UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER FRATE | ) | CASE NO. |
| 2949 Hampshire Road | ) | |
| Cleveland Heights, OH 44118 | ) | JUDGE |
| | ) | |
| on behalf of himself and all others | ) | MAGISTRATE JUDGE |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GIANT EAGLE, INC. | ) | |
| c/o CSC-Lawyers Incorporating Service | ) | |
| 50 West Broad Street, Suite 1800 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINITFF'S CLASS ACTION COMPLAINT
### (With Jury Demand)

Now comes Plaintiff, Christopher Frate, by and through counsel, and for his Complaint against Defendant Giant Eagle, Inc. ("Giant Eagle"), states and alleges the following:

## INTRODUCTION

1.      This is a consumer class action based upon Defendant's violation of section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, *as amended* ("FCRA"). This section of the FCRA, like many others, was designed to combat the rising tide of identity theft experienced throughout the nation in recent years. It requires that companies which accept credit and debit cards restrict the information that they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice,

Defendant has failed to comply with the FCRA.  As such, consumers who purchase goods and services from Defendant receive none of the benefits that section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division, and because there is personal jurisdiction in this District and Division over the named Defendant.

## PARTIES

4.      Plaintiff is a resident of the State of Ohio and the County of Cuyahoga, and is a "consumer" as defined by § 1681a(c) of the FCRA.  Pursuant to the Federal Rules of Civil Procedure, Plaintiff seeks to represent a nationwide class of consumers, likewise defined by § 1681a(c).

5.      Defendant Giant Eagle is a business entity which operates grocery stores throughout Ohio, Pennsylvania, West Virginia and Maryland, and which regularly conducts business in Cuyahoga County, Ohio.  Defendant is a "person that accepts credit cards for the transaction of business" under the FCRA, and pursuant to the definition of "person" set forth therein.  Defendant's principal place of business is located at 101 Kappa Dr., Pittsburgh, Pennsylvania 94103.

6.      Giant Eagle operates video and game rental stores within its grocery stores. These video and game rental stores are known as "Iggle Video."  Upon information and belief, the registers in Giant Eagle Iggle Videos are operated separately from the registers in

Defendant's grocery stores.

## FACTUAL ALLEGATIONS

### Defendant's Practice

7.    In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress, and signed into law by President George W. Bush.  One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

8.    One FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt.  Codified at 15 U.S.C. § 1681c(g), this provision provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

(This section shall hereafter be referred to as the "Receipt Provision.")

9.    FACTA gave companies a generous three-year window within which to comply with the Receipt Provision.

10.    Notwithstanding the fact that Defendant has had over three years to comply, Defendant continues to issue receipts at point of sale transactions which contain both digits from credit and debit card numbers as well as expiration dates, in direct violation of the Receipt Provision.

11.    Notwithstanding the Receipt Provision, Defendant continues to deliberately, willfully, intentionally, recklessly and negligently violate FACTA by issuing receipts which do not comply with the FCRA.

12.    Defendant's practice not only violates the law, it exacts harm by exposing

consumers' sensitive account information and subjecting each affected consumer to an ongoing and elevated risk of becoming the victim of identity theft.

## The Experience of the Representative Plaintiff

13.     On or about December 12, 2007, Plaintiff purchased a video rental at the Giant Eagle Iggle Video within Defendant's grocery store located at 25105 Cedar Road, Lyndhurst, Ohio (hereafter referred to as the "Lyndhurst Iggle Video "). To pay for the video rental, Plaintiff used his MasterCard credit card. Following the transaction, Plaintiff received a receipt which included the last four digits of Plaintiff's MasterCard credit card as well as its expiration date.

14.     Defendant's printing of the expiration date on the receipt constitutes a violation of the FACTA.

15.     Defendant's violation, as alleged herein, was not an accident or an isolated oversight. Rather, Defendant knowingly and intentionally continued to use devices which were not programmed to, or otherwise did not comply with § 1681c(g). Defendant knew that its receipt-printing practice contravened the rights of consumers under the FCRA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights.

16.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

17.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff herein.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings Count I of this action on his own behalf pursuant to Federal Rule

of Civil Procedure 23, and on behalf of all other members of the following class:

> All individuals in the United States of America who, during the applicable statute period, were provided at the point of sale or transaction with an electronically-printed receipt by a Giant Eagle Iggle Video on which it printed more than the last five digits of the person's credit card or debit card number, or on which they printed the expiration date of the person's credit or debit card.

21.     The class is so numerous that joinder of all members is impracticable.  Although the precise number of class members is known only to Defendant, Plaintiff avers upon information and belief that the class numbers in the hundreds if not thousands.

22.     The class members can be ascertained from Defendant's records or from information readily accessible to Defendant.  Notice can be sent to the class members by mail, email, the Internet, through publication in newspapers and periodicals, or by other means authorized by the Court.

23.     Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

24.     Since January 1, 2005, and within the applicable statute of limitations period, Defendant printed the expiration date and/or printed more than the last five digits of class members' credit and debit card numbers on the receipts provided to the class members at the point of a sale or transaction between Defendant and the class members.  To the extent Defendant did so using devices that were first put in use on or after January 1, 2005, it violated 15 U.S.C. § 1681c(g).

25.     On or after December 4, 2006, Defendant printed the expiration date and/or printed more than the last five digits of class members' credit and debit card numbers on the receipts provided to the class members at the point of a sale or transaction between Defendant and the class members.  Each and every such act violated 15 U.S.C. §1681c(g), irrespective of

when the device was put into use.

26.     Defendant's violations were not the product of an accident or an isolated oversight.  Rather, Defendant knowingly and intentionally continued to use devices which were not programmed to, or otherwise did not, comply with § 1681c(g).  Defendant knew that its receipt-printing practice contravened the rights of consumers under the FCRA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights.

27.     Plaintiff will fairly and adequately represent the class and the interests of all members of the class.

28.     Plaintiff has no interest that is antagonistic to or in conflict with those interests of the class that she has undertaken to represent.

29.     Plaintiff has retained competent and experienced class action counsel who are able to represent the interests of the entire class.

30.     Questions of law and fact that are common to the class predominate over any individual questions.  The principal question is whether Defendant willfully violated section 1681c(g) of the FCRA by failing to provide consumers, who used their credit and debit cards in point of sale transaction(s) with Defendant, with electronically printed receipts that complied with the Receipt Provision.

31.     Whether Defendant failed to comply with the Receipt Provision as detailed by 15 U.S.C. § 1681c(g) can be easily determined by a review of Defendant's policies and a ministerial inspection of Defendant's business records.

32.     Concentrating this litigation in this Division and District is desirable because the activity giving rise to suit occurred within this Court's jurisdiction.

33.     The proposed class is manageable because the identity of all class members is known by Defendant.

34.    There is a community of interest among the class members in obtaining appropriate declaratory and injunctive relief, damages, and compensation for costs and fees incurred herein.

35.    Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

36.    A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court.  Plaintiff and his counsel are not aware of any pending litigation under the FACTA on behalf of any class, as defined herein, or on behalf of any individual alleging a similar claim under the FACTA.  Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights.  In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant's pay practices.  Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
**(Fair Credit Reporting Act Violations)**

37.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38.    Title 15 U.S.C. §1681c(g) states as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the

point of sale or transaction.

This section applies to any "device that electronically prints receipts" for point of sale transactions. 15 U.S.C. § 1681c(g)(3).

39.    Defendant employs the use of said devices for point of sale transactions at the locations of Defendant.

40.    On or after December 4, 2006, at the location of the Lyndhurst Iggle Video, Plaintiff and members of the class were provided receipt(s) by Defendant that failed to comply with the Receipt Provision.

41.    Defendant was aware, on or before December 4, 2006, of both the Receipt Provision as well as the need to comply with said provision.

42.    In anticipation of the December 4, 2006 deadline, many credit card companies, including but not limited to VISA and MasterCard, advised companies of the need for compliance with the Receipt Provision. Additionally, many credit card companies, such as VISA and MasterCard, implemented policies well in advance of the December 4, 2006 deadline, to ensure the compliance with the Receipt Provision, by themselves, as well as that of their customers.

43.    Also in anticipation of the December 4, 2006 deadline and the Receipt Provision, the majority of Defendant's peers and competitors took the necessary steps to bring their business practices in line with FACTA.

44.    Upon information and belief, Defendant did not print the sensitive information on receipts provided at point of sale transactions in Defendant's grocery stores and GetGo fuel stations and convenience stores. In doing so, Defendant irrefutability manifested its understanding of the disclosures that could and could not appear on customer receipts.

45.    Notwithstanding the three year window to prepare for FACTA and its

accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; the repeated reminders of FACTA and its accompanying provisions; and the actions of Defendant's peers and competitors, Defendant knowingly, willfully, intentionally, and recklessly violated and continues to violate the FCRA and the Receipt Provision.  In turn, Plaintiff and members of the class continue to be exposed to an elevated risk of identity theft.

46.    As a result of Defendant's willful violations of the FCRA, Defendant is liable to Plaintiff and members of the class pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.    Issue an order certifying the proposed class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the class;

B.    Award Plaintiff and the class she represents statutory damages in an amount between $100.00 and $1,000.00 per class member;

C.    Award Plaintiff and the class he represents punitive damages;

D.    Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements;

E.    Issue an order enjoining Defendant from continuing to violate the Receipt Provision;

F.    Issue an order directing Defendant to hereafter electronically print receipts from point of sales transactions in compliance with 15 U.S.C. § 1681c(g); and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**

  /s/ Jason R. Bristol
Joshua R. Cohen (0032368)
jcohen@crklaw.com
Jason R. Bristol (0072989)
jbristol@crklaw.com
The Hoyt Block Building – Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113
216-781-7956 [Telephone]
216-781-8061 [Facsimile]

  /s/ Ryan W. Cohen
Ryan W. Cohen (0078209)
ryanwcohen@gmail.com
900 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
216-696-4009 [Telephone]
216-696-1835 [Facsimile]

Attorneys for Plaintiff

**THE LAZZARO LAW FIRM, LLC**

  /s/ Anthony J. Lazzaro
Anthony J. Lazzaro (0077962)
anthony@lazzarolawfirm.com
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
216-696-5000 [Telephone]
216-696-7005 [Facsimile]

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

  /s/ Jason R. Bristol
One of the Attorneys for Plaintiff